IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

          Plaintiff,    :    Case No. 1:17-cr-009
                                      Civil Case No. 1:22-cv-00575

                                      District Judge Susan J. Dlott
- vs -                           Magistrate Judge Michael R. Merz

BRUCE LEE FELIX,

          Defendant.    :

---

## REPORT AND RECOMMENDATIONS

---

This case is pending on a Motion to Vacate pursuant to 28 U.S.C. § 2255 (ECF No. 135). Pursuant to Amended General Order 22-05, it was referred to the undersigned. Operative pleadings are the Motion to Vacate, the Government's Response in Opposition (ECF No. 138) and Defendant's Reply (ECF No. 139).

Defendant pleads the following Grounds for Relief:

    **Ground One**:  Judicial Misconduct

    **Supporting Facts:**  Day 4 of the trial returning to court room from lunch the defendant was seen in the hallway of the courthouse by Juror #13. This was brought to Judge Black's attention before the jury was brought back to the courtroom.  Defense council [sic] makes a motion for mistrial.  Judge meets with Juror #13 in chambers ex parte.  During the ex parte, the judge asks the juror if he had seen the Defendant, and the juror acknowledges that he had. During the ex parte the judge nor his law clerk asked the juror if he

1

could set aside any opinion he might have and decide the case on the evidence. The juror was never asked if he would be impartial or bias[ed] towards the Defendant. The Judge just meerly [sic] told the juror "You're not to hold that against him. Judge comes back in courtroom and tells all the parties what took place in ex parte. Judge denies motion for mistrial because the law is clear that being seen outside the courtroom restrained is not the violation, it's when it occurs in the courtroom. The Judge allows Juror #13 to stay on the panel of jurors. Juror #13 is later voted to be the foreperson and lead the jury in deliberation. Judge Black decided and took final action ex parte and continued on with trial.

Judge Black never held a hearing with all interested parties permitted to participate. In doing so the Judge violated the defendent's [sic] Sixth Amendment right to an impartial jury. The judge abused his discretion [and] denied defendant [sic] due process of law witch [sic] constitutes judicial misconduct.

**Ground Two**: Fraud and perjury witch [sic] obstructed justice. *Napue* violation.

**Supporting Facts:** [Contradictory testimony offered by two different Government expert witnesses]

**Ground Three:** Prosecutorial Misconduct

**Supporting Facts:** [During closing argument the Assistant United States Attorney made a comment that government agents had listened to jailhouse calls of the Defendant because they were still involved in the investigation.]

(Motion, ECF No. 135).

The United States in its Response notes that all of Defendant's claims are based on the trial record but were not raised on direct appeal and are therefore procedurally defaulted. In his Reply, Defendant asserts the defaults are excused by ineffective assistance of appellate counsel Kevin Schad.

A motion to vacate under § 2255 is not a substitute for direct appeal. *United States v. Duhart,* 511 F.2d 7 (6th Cir. 1975); *DiPiazza v. United States,* 471 F.2d 719 (6th Cir. 1973). Therefore, absent manifest injustice or special circumstances such as a change in the law, § 2255 motions will be dismissed summarily if they raise claims that were or might have been asserted on direct review. Hertz & Liebman, Federal Habeas Corpus Practice and Procedure 6th ed., §41.7(e)(2011), citing *Reed v. Farley*, 512 U.S. 339, 358 (1994); *Withrow v. Williams,* 507 U.S. 680, 721 (1993); *Davis v. United States*, 417 U.S. 333, 342 (1974); *Kaufman v. United States*, 394 U.S. 217, 227 n.8 (1969); Yackle, Postconviction Remedies, §108 (1981), citing *Mars v. United States*, 615 F.2d 704 (6th Cir. 1980); *Mathews v. United States,* 11 F.3d 583 (6th Cir. 1993); *Ray v. United States,* 721 F.3d 758, 761(6th Cir. 2013), quoting *Regalado v. United States,* 334 F.3d 520, 528 (6th Cir. 2003) citing *United States v. Frady*, 456 U.S. 152, 167-68 (1982). Claims that could have been raised on direct appeal, but were not, will not be entertained via a motion under § 2255 unless the petitioner shows: (1) cause and actual prejudice to excuse his failure to raise the claims previously; or (2) that he is "actually innocent" of the crime. *Ray*, *supra*, *citing Bousley v. United States*, 523 U.S. 614, 622 (1998) (internal citations omitted). A defendant's failure to raise a claim on direct appeal typically bars the defendant from raising it during collateral review. *Benton v. Brewer*, 942 F.3d 305, 307 (6th Cir. 2019). That rule applies for a defendant challenging the validity of his guilty plea. *Waucaush v. United States*, 380 F.3d 251, 254 (6th Cir. 2004).

While failure to raise a claim on direct appeal can be excused by a showing of ineffective assistance of appellate counsel, the ineffective assistance of appellate counsel claim itself must not be procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446 (2000). A motion to vacate under 28 U.S.C. § 2255 is the proper way to raise such a claim, but Defendant has not pleaded ineffective assistance of appellate counsel as a claim. Defendant attempted to add such a claim (ECF No. 137), but Judge Black disallowed the amendment as untimely, writing

3

> Defendant's 2255 motion was mailed on 9/30/2022 (Doc. [135] at 18), and was therefore timely filed within one year of the 10/4/2021 denial of Defendant's petition for writ of cert (Doc. [133]). However, Defendant's motion to amend was mailed on 11/9/2022 (Doc. [137] at 20), over a month after the one-year limitation period. Thus, the additional claim for relief is untimely. Accordingly, the Court will accept and consider Defendant's elaboration of his first three claims, but otherwise DENIES Defendant's motion to add a fourth, untimely claim.

(Notation Order of 11/18/2022). Judge Black's disallowance of the amendment is clearly correct under 28 U.S.C. § 2255(f). Because Defendant has procedurally defaulted his ineffective assistance of appellate counsel claim, he cannot rely on it to excuse his failure to raise his three trial error claims on direct appeal.

Accordingly, all three Grounds for Relief should be dismissed with prejudice as procedurally defaulted.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the Motion to Vacate be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Defendant be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

March 26, 2024.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #