# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

        Plaintiff,    :    Case No. 1:17-cr-009
                                    Civil Case No. 1:22-cv-00575

                                    District Judge Susan J. Dlott
  -  vs  -                            Magistrate Judge Michael R. Merz

BRUCE LEE FELIX,

        Defendant.    :

## DECISION AND ORDER

This case is before the Court on Defendant's Objections (ECF No. 146) to the Magistrate Judge's Report and Recommendations recommending Defendant's Motion to Vacate be dismissed with prejudice (the "Report," ECF No. 143). As required by 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b), the Court has reviewed *de novo* the Report with particular attention to those portions objected to by Petitioner. Having done so, the Court finds the objections are without merit and they are OVERRULED for the reasons set forth below.

**The § 2255 Motion and the Magistrate Judge's Report**

Defendant's § 2255 Motion pleads three grounds for relief: judicial misconduct (Ground One), fraud and perjury (Ground Two), and prosecutorial misconduct (Ground Three). The Report

1

noted that all three grounds were capable of being adjudicated on the record made at trial but were not raised on direct appeal. On that basis the United States asserted all three grounds for relief had been procedurally defaulted and were therefore barred from consideration on the merits. The Report accepted that position and recommended dismissal on the basis of procedural default.

A § 2255 or habeas corpus litigant can avoid a procedural default by showing excusing cause and prejudice. See, e.g., *Atkins v. Holloway*, 792 F.3d 654, 657 (6th Cir. 2015); *Hall v. Vasbinder,* 563 F.3d 222, 236 (6th Cir. 2009); *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004), *quoting Murray v. Carrier*, 477 U.S. 478 (1986). Ineffective assistance of trial counsel or ineffective assistance of appellate counsel can act as excusing cause. *Murray, supra*. In this case Defendant was represented on appeal by Assistant Federal Defender Kevin Schad. In his Reply, Defendant blamed his failure to raise these claims on direct appeal on asserted ineffective assistance by Attorney Schad.

As the Report notes, the Supreme Court has held ineffective assistance of appellate counsel can be used to excuse a procedural default only if the ineffective assistance of appellate counsel claim is itself not procedurally defaulted (ECF No. 143, PageID 2776, citing *Edwards v. Carpenter*, 529 U.S. 446 (2000)). Although a motion to vacate under § 2255 is the proper way to raise such a claim, Defendant did not include such a claim in his Motion to Vacate. He attempted to add such a claim later by amendment, but District Judge Timothy Black, to whom this case was then assigned, disallowed the amendment as untimely (Notation Order of 11/18/2022). The Report found that ruling to be "clearly correct" and Defendant's ineffective assistance of appellate counsel claim therefore barred by the statute of limitations (ECF No. 143, PageID 2777). Because Defendant offered no other excusing cause, the Report recommended dismissal of the entire Motion to Vacate as procedurally defaulted. *Id.*

2

**Defendant's Objections**

In his Objections, Defendant asserts he was in transit during the time his appeal was being prepared and did not have an opportunity to communicate with Attorney Schad about the issues he wanted raised (Objections, ECF No. 147, PageID 2782-83). He notes that "[o]n November 8, 2022, Felix executed a Motion seeking to Amend his section 2255 Motion, essentially seeking liberal construction . . ." *Id.* at PageID 2783. This is the Motion Judge Black disallowed to the extent it sought to add a new claim of ineffective assistance of appellate counsel. The Objections note the Magistrate Judge accepted Judge Black's ruling. Defendant argues he was entitled to amend without leave of Court under Fed.R.Civ.P. 15(a)(1)(A) and the amendment would relate back to the initial filing. *Id.* at PageID 2784. He also claims he gave his reason for not including the claims on direct appeal – lack of communication with Attorney Schad – in his Motion to Vacate and is entitled to a liberal construction of the Motion as filed as raising his claim of ineffective assistance of appellate counsel.

## Analysis

In his Motion to Vacate as originally filed, Felix admitted that he did not include any of his three grounds for relief in his direct appeal. As the reason therefor, he states "I was in transit during the appeal process. I talked with attorney the day before due date. I had little to no input on grounds." (ECF No. 135, PageID 2709, as to Ground One; identical language appears at PageID 2711 as to Ground Two and at PageID 2712 as to Ground Three). In his Objections, Felix expands on this language by claiming that when he talked to Attorney Schad, he was told the brief was

3

already prepared, the circuit court was unlikely to grant a further extension, and Attorney Schad had no time to research these issues (Objections, ECF No. 147, PageID 2787).

Without any need for liberal construction, the Court finds the language used in the original Motion plainly gave Respondent and the Court notice of what Felix claimed was excusing cause: lack of communication with his attorney occasioned by his being transported during the COVID-19 pandemic. The question is whether that should be construed as a claim of ineffective assistance of appellate counsel.

When Defendant sought leave to amend[1] his Motion six weeks after it was filed, he sought to plead his ineffective assistance of appellate counsel claim as follows: "4. Ineffective assistance of appellate counsel, resulting from counsel['s] failing to investigate and raise the misconduct claims against the Court and the Goverment [sic]" (ECF No. 137, PageID 2726). In his Memorandum in Support, he claims he brought these issues to the attention of appellate counsel "prior to the filing of the direct appeal." *Id.* at PageID 2740.

Thus Defendant tells two completely different stories about why his three grounds for relief were not raised on appeal. According to the first, he raised these issues with counsel before the appeal. Under that narrative, Attorney Schad would have had plenty of time to investigate these issues and decide in his professional judgment whether they should be raised or not. Under the second narrative, Felix raised these issues with Attorney Schad only the day before the brief was due and the exclusion of the issues was essentially forced on Defendant by circumstances beyond his control.

---

[1] Felix suggests in his Objections that he was entitled to amend without leave of court. See ECF No. 146, PageID 2784, citing Fed.R.Civ.P. 15(a)(1)(A). Although a § 2255 motion is a pleading which comes within Rule 15, Rule 15(a)(1)(A) is not applicable to this case because the amendment was not submitted within twenty-one days of the initial filing.

4

These different narratives require different analyses. Under the first, Defendant has no good excuse for failing to include his ineffective assistance of appellate counsel claim in his original § 2255 Motion: he knew the claims had not been raised and asserts Attorney Schad did not investigate and then plead them despite being advised of them "before the appeal." His statements in the original Motion conveying the second narrative cannot properly be read as raising a claim of ineffective assistance, but only of intervening circumstances that prevented raising the claims. His statement in the Motion to Amend that he had raised these issues before the appeal does state a claim of ineffective assistance of appellate counsel, but then why not make it in the original Motion?

In any event, Judge Black's ruling as, as the Magistrate Judge found, "clearly correct." The amendment was offered after the statute of limitations had run and it did not "relate back" to the original Motion. Relation back to avoid the statute of limitations requires that the added claims arise from the same transaction or occurrence as the original claims. Here the original claims all relate to occurrences during trial while the new claim relates to occurrences during the appellate process.

> An amended habeas petition ... does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth.

*Mayle v. Felix*[2], 545 U.S. 644, 650 (2005). Relation back depends on a "common core of operative facts" between the new claim and the claim made in the original petition. *Cowan v. Stovall*, 645 F.3d 815, 818 (6th Cir. 2011)(quoting *Mayle v. Felix*, 545 U.S. at 650). Felix had originally raised a Confrontation Clause claim relating to videotaped testimony and amended to add a Fifth

---

[2] The respondent in this Supreme Court case is not the same person as the Petitioner here.

5

Amendment claim about his own confession. The Ninth Circuit's position that the trial is the "transaction or occurrence" to which all habeas claims relate was rejected by the Supreme Court.

Felix offers no corroboration for either narrative. The safest course for the Court is to assume the truth of each in the alternative and analyze the consequences.

**The First Narrative**

Assuming the truth of the first narrative, Attorney Schad knew of these claims before the appeal and failed to include them. This would constitute excusing cause only if it amounted to ineffective assistance of appellate counsel.

The governing standard for ineffective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687. In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice. *Berghuis v. Thompkins,* 560 U.S. 370, 389 (2010), *citing Knowles v. Mirzayance,* 556 U.S.111 (2009).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

6

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168, 184 (1986), *citing Strickland, supra.*; *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998), *citing Strickland, supra*; *Blackburn v. Foltz*, 828 F.2d 1177, 1180 (6th Cir. 1987), *quoting Strickland,* 466 U.S. at 687. "The likelihood of a different result must be substantial, not just conceivable." *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011), *quoting Harrington v. Richter*, 562 U.S. 86, 111-12 (2011).

> In assessing prejudice under *Strickland*, the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently. See *Wong v. Belmontes*, 558 U.S. 15, 27, 130 S. Ct. 383, 175 L. Ed. 2d 328 (2009) (per curiam); *Strickland*, 466 U.S., at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674. Instead, *Strickland* asks whether it is "reasonably likely" the result would have been different. Id., at 696, 104 S. Ct. 2052, 80 L. Ed. 2d 674. This does not require a showing that counsel's actions "more likely than not altered the outcome," but the difference between *Strickland's* prejudice standard and a more-

7

> probable-than-not standard is slight and matters "only in the rarest case." *Id*., at 693, 697, 104 S. Ct. 2052, 80 L. Ed. 2d 674. The likelihood of a different result must be substantial, not just conceivable. *Id*., at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674.

*Harrington v. Richter*, 562 U.S. 86, 111-112 (2011).

The *Strickland* test applies to appellate counsel. *Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Burger v. Kemp,* 483 U.S. 776 (1987). To evaluate a claim of ineffective assistance of appellate counsel, then, the court must assess the strength of the claim that counsel failed to raise. *Henness v. Bagley*, 644 F.3d 308 (6th Cir. 2011), *citing Wilson v. Parker*, 515 F.3d 682, 707 (6th Cir. 2008). Counsel's failure to raise an issue on appeal amounts to ineffective assistance only if a reasonable probability exists that inclusion of the issue would have changed the result of the appeal. *Id*., *citing Wilson.* If a reasonable probability exists that the defendant would have prevailed had the claim been raised on appeal, the court still must consider whether the claim's merit was so compelling that the failure to raise it amounted to ineffective assistance of appellate counsel. *Id., citing Wilson.*

The attorney need not advance every argument, regardless of merit, urged by the appellant. *Jones v. Barnes*, 463 U.S. 745, 751-752 (1983)("Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." 463 U.S. 751-52). Effective appellate advocacy is rarely characterized by presenting every non-frivolous argument which can be made. *Joshua v. DeWitt*, 341 F.3d 430, 441 (6th Cir. 2003). *Williams v. Bagley,* 380 F.3d 932, 971 (6th Cir. 2004), *cert. denied,* 544 U.S. 1003 (2005); see *Smith v. Murray*, 477 U.S. 527 (1986). "Only when ignored issues are clearly stronger than those presented will the

8

presumption of effective assistance of [appellate] counsel be overcome." *Dufresne v. Palmer*, 876 F.3d 248 (6th Cir. 2017), quoting *Fautenberry v. Mitchell*, 515 F.3d 614, 642 (6th Cir. 2008).

Counsel's failure to raise an issue on appeal could only be ineffective assistance if there is a reasonable probability that inclusion of the issue would have changed the result of the appeal. *McFarland v. Yukins*, 356 F.3d 688, 699 (6th Cir. 2004), *citing Greer v. Mitchell,* 264 F.3d 663, 676 (6th Cir. 2001), *cert. denied,* 535 U.S. 940 (2002). "Counsel's performance is strongly presumed to be effective." *McFarland, quoting Scott v. Mitchell*, 209 F.3d 854, 880 (6th Cir. 2000)(*citing Strickland*). "To prevail on a claim of ineffective assistance of appellate counsel, a petitioner must show that appellate counsel ignored issues [which] are clearly stronger than those presented." *Webb v. Mitchell,* 586 F.3d 383, 399 (6th Cir. 2009); *Smith v. Robbins*, 528 U.S. 259, 288 (2000), *quoting Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986); *Caver v. Straub*, 349 F.3d 340, 348)(6th Cir. 2003).

The issues Attorney Schad actually presented to the Court of Appeals were summarized by Judge Griffin at the outset of the Sixth Circuit's decision.

> [Appellant] raises three discrete issues in this appeal arising out of his multiple convictions in connection with those robberies: (1) the admission into evidence of a prior bank-robbery conviction; (2) the method used to secure witnesses' voice identifications of Felix; and (3) the delay in his trial under the Speedy Trial Act and the Sixth Amendment.

*United States v. Felix,* 850 Fed. Appx. 374, 376 (6th Cir. Mar. 23, 2021)(copy at ECF No. 130). The eighteen-page opinion makes it clear that none of these issues was an open-and-shut question for the Government. Use of a prior conviction for bank robbery presented the delicate balancing called for by Fed. R. Evid. 404 between proof of modus operandi and proof by propensity. The voice identification method used was unusual and ran the risk of being held suggestive. The

9

Speedy Trial Act question also required close analysis. Felix could potentially have won on any of these.

In contrast, Felix's assertion of possible bias from a juror's having seen him in restraints is weak given that there are a number of ways to satisfy the requirement that a jury remain impartial despite exposure of one of its members to seeing a defendant in restraints. It is certainly an exaggeration to label Judge Black's handling of the matter as "misconduct."

Defendant's second proposed claim attempts to elevate an apparent inconsistency between the testimony of two expert witnesses into an intentional presentation of perjured testimony in violation of *Napue v. Illinois*, 360 U.S. 264, 269 (1959)(See Memorandum in Support, ECF No. 137, PageID 2731-34). However, to prevail on such a claim, a petitioner must show that the statement in question was false, that the prosecution knew it was false, and that it was material. *Wogenstahl v. Mitchell*, 668 F.3d 307, 323 (6th Cir. 2012), *citing Rosenkrantz v. Lafler*, 568 F.3d 577, 583-84 (6th Cir. 2009); *Brooks v. Tennessee*, 626 F.3d 878, 894-95 (6th Cir. 2010); *Byrd v. Collins*, 209 F.3d 486 (6th Cir. 2000), *citing United States v. Lochmondy,* 890 F.2d 817, 822 (6th Cir. 1989); *United States v. O'Dell*, 805 F.2d 637, 641 (6th Cir. 1986). The statement must be indisputably false, rather than simply misleading. *Lochmondy*, 890 F.2d at 823; *Byrd v. Collins*, 209 F.3d 486, 517 (6th Cir. 2000). Mere inconsistencies in testimony do not establish the knowing use of perjured testimony. *Coe v. Bell*, 161 F.3d 320, 343 (6th Cir. 1998).

Finally, Defendant believes Attorney Schad should have claimed prosecutorial misconduct regarding the prosecutor's comment that investigators had "listened to jailhouse calls" because this comment implies that Defendant was in jail pending trial (Memorandum in Support, ECF No. 137, PageID 2736-38[3]). The Court has reviewed the portion of the transcript in question and finds

---

[3] Defendant cites PageID 2444 which he cites as being in ECF No. 119. That page actually appears in ECF No. 124.

that the comment was not an extended argument but the use of one word, "jailhouse." Certainly it could hardly have surprised any juror that a person charged with armed bank robbery might be in jail in lieu of bond pending trial. Judge Black considered what happened and was very convinced it did not merit the declaration of a mistrial. The Court agrees and finds that Defendant's third proposed ground for relief is not as strong as any of the grounds raised by Attorney Schad.

In sum, the Court concludes that none of the omitted grounds for relief on which Defendant relies is as strong or stronger than the claims Attorney Schad did raise. Certainly none of them is a "dead-bang winner" as Defendant claims. Therefore, assuming Attorney Schad was told by Defendant to include these claims before the appeal was taken, it still did not constitute ineffective assistance of appellate counsel for Attorney Schad to omit these claims.

**Conclusion**

Having reviewed the Magistrate Judge's Report *de novo,* the Court overrules Defendant's Objections. The Clerk will enter judgment dismissing the Motion to Vacate with prejudice. Because reasonable jurists would not disagree with this conclusion, the Defendant is denied a certificate of appealability and that the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

May 8, 2024

S/Susan J. Dlott_____<br>
Susan J. Dlott<br>
United States District Judge