## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

                Plaintiff,            :         Case No. 1:17-cr-009
                                                Civil Case No. 1:22-cv-00575

                                                District Judge Susan J. Dlott
-   vs   -                                     Magistrate Judge Michael R. Merz

BRUCE LEE FELIX,

                Defendant.           :

## REPORT AND RECOMMENDATIONS

       This habeas corpus case under 28 U.S.C. § 2255 is before the Court on Defendant's Motion to Alter or Amend the Judgment pursuant to Fed.R.Civ.P. 59(e) and/or to Make Additional Findings pursuant to Fed.R.Civ.P. 52(b)(ECF No. 149). Because the Motion is filed post-judgment it is deemed referred to the undersigned for report and recommendation under 28 U.S.C. § 636(b)(3).

       The Court entered judgment in this case dismissing the Defendant's Motion to Vacate on May 8, 2024 (ECF No. 148). Defendant asserts he deposited the Motion in the prison mail system on June 2, 2024 (ECF No. 149, PageID 2808). The Motion is therefore timely filed. *Houston v. Lack,* 487 U.S. 266 (1988); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).

       For a district court to grant relief under Rule 59(e), "there must be '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to

1

prevent manifest injustice.'"*Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009) (quoting *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006)). Defendant does not present new evidence or any change in controlling law, not does he argue that failure to amend the judgment is needed to "prevent manifest injustice." The Motion will thus be analyzed under the "clear error of law" prong of the *Betts* test.

Fed.R.Civ.P. 52, on the other hand, does not apply to the present situation. Fed.R.Civ.P. 52(a) provides "In an action tried on the facts without a jury or with an advisory jury, the court must find the facts specially and state its conclusions of law separately." The § 2255 proceeding was not tried in this Court at all.

It is undisputed that the three grounds for relief pleaded in the Motion to Vacate were not raised on direct appeal. They could have been because they are supported by facts that appear in the direct appeal record. Thus they are procedurally defaulted unless Defendant can produce excusing cause and prejudice.

Defendant claims that their omission resulted from ineffective assistance of appellate counsel given by Assistant Federal Defender Kevin Schad. Defendant's instant Motion clarifies that he was unable to consult with Attorney Schad until the day before the brief on appeal was due to be filed in the Sixth Circuit because of delays in transport to prison and the COVID 19 pandemic and that Attorney Schad declined to include these three issues. The first determinative question of law is whether that refusal constitutes ineffective assistance of appellate counsel.

In dismissing the § 2255 Motion, the Court found this was not ineffective assistance of appellate counsel because the assignments of error which Attorney Schad did present were clearly stronger than these three. Defendant does not claim that this was an erroneous decision and the Court itself reiterates that finding. Because Attorney Schad did not provide ineffective assistance

of appellate counsel by failing to include these claims, the grounds for relief remain procedurally defaulted without excuse.

Entirely apart from the merits of Defendant's ineffective assistance of appellate counsel claims, he is also procedurally barred from relying on ineffective assistance of appellate counsel to excuse failure to present these claims to the Sixth Circuit because he did not include ineffective assistance of appellate counsel as a claim in the § 2255 Motion when he filed it. When he did attempt to add it by amendment, District Judge Timothy Black, to whom this case was then assigned, disallowed the amendment because of the statute of limitations. Defendant now argues that ruling was in error because the amendment would have related back to the date of filing of the original Motion to Vacate. As the Court explained in the Decision now sought to be amended, that is not correct. The three pleaded grounds for relief all rely on things that happened in the trial court, where the ineffective assistance of appellate counsel claim relies on facts that happened on appeal.

In sum, Defendant has failed to established his right to an amendment of the judgment under Fed.R.Civ.P. 59(e) and Fed.R.Civ.P. 52 does not apply. The Motion should be denied.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Motion be denied. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Defendant be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

June 12, 2024.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge
