# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

                         Plaintiff,           :         Case No. 1:17-cr-009
                                                             Civil Case No. 1:22-cv-00575

                                                             District Judge Susan J. Dlott
  -  vs  -                                          Magistrate Judge Michael R. Merz

BRUCE LEE FELIX,

                        Defendant.          :

---

# DECISION AND ORDER

---

This habeas corpus case under 28 U.S.C. § 2255 is before the Court on Defendant's

Objections (ECF No. 151) to the Magistrate Judge's Report and Recommendations (ECF No. 150),

recommending that Defendant's Motion to Alter or Amend the Judgment pursuant to Fed.R.Civ.P.

59(e) and/or to Make Additional Findings pursuant to Fed.R.Civ.P. 52(b)(ECF No. 149) be denied.

As required by Fed.R.Civ.P. 72(b) and 28 U.S.C. § 636(b), the Court has reviewed the case *de*

*novo* with particular attention to Defendant's specific objections.


**First Objection:  Failure to Consider Whether the Court's Decision on the Motion to Vacate
Worked a "Manifest Injustice."**

For a district court to grant relief under Rule 59(e), "there must be '(1) a clear error of law;

(2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to

prevent manifest injustice.'" *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009) (quoting *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006)). Defendant agrees this is the controlling standard and does not object to the Magistrate Judge's conclusion that he did not present new evidence or a change in controlling law. He also does not present any new objection to the Magistrate Judge's conclusion he did not show a clear error of law.

He does, however, object to the Magistrate Judge's conclusion that the Motion should not be evaluated under the "manifest injustice" prong of the *Betts* test (Objections, ECF No. 151, PageID 2816-17). The Court has now evaluated its final judgment under the manifest injustice standard and concludes that the judgment need not be vacated to prevent a manifest injustice.

The *Betts* case, cited for the Rule 59(e) standard, was decided on the clear error of law prong. For the full test, it quotes *Henderson v. Walled Lake* which in turns quotes *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir.1999). *GenCorp*, quoted the same standard and decided the district court had not committed a clear error of law and there was no "manifest injustice in holding GenCorp to a commitment for which it voluntarily entered into and received consideration." 178 F. 3d at 834.

Defendant cites no case in which the Sixth Circuit or this Court found a manifest injustice would occur if a judgment were not amended. Nor does he make any argument as to why leaving the judgment unamended will work a manifest injustice here. His grounds for relief include Judge Black's deciding an extraneous influence on the jury claim *ex parte*, presentation by the prosecution of allegedly perjured testimony, and a prosecutor's mention that law enforcement had overheard some of Defendant's telephone calls because he was in jail. The Magistrate Judge found all three claims procedurally defaulted because not raised on direct appeal. Defendant sought to excuse that default by blaming it on his appellate counsel, but he defaulted that claim as well.

2

There is nothing unjust about enforcing the usual rules of procedure which apply to all litigants. And although appellate counsel was alerted to these claims and did not include them, they are not clearly stronger than the claims he did raise on Defendant's behalf. Defendant's claim of ineffective assistance of appellate counsel is therefore without merit as well as procedurally defaulted. Defendant's First Objection is OVERRULED.

**Second Objection: Refusal to Apply Fed.R.Civ.P. 52**

Defendant brought the instant Motion under both Fed.R.Civ.P. 59(e) and 52. The Magistrate Judge refused to apply Rule 52 because this case was not tried to the bench, a prerequisite to requiring findings of fact under Rule 52.

Defendant objects

> If they were not tri [ed] in this Court, then why did th[is] Court issue a Decision and Order? It appears the Magistrate believes that an issue is only tri [ed] in a trial setting. But the word [tried] simply means to examine judicially. See Try, Black's Law Dict. 1750 (10th ed. 2014).

(ECF No. 151, PageID 2857).

The Court agrees with the Magistrate Judge that Fed.R.Civ.P. 52 does not apply to this case. Rule 52(a) provides:

> **(a) Findings and Conclusions.**
>
> (1) ***In General.*** In an action tried on the facts without a jury or with an advisory jury, the court must find the facts specially and state its conclusions of law separately. The findings and conclusions may be stated on the record after the close of the evidence or may appear in an opinion or a memorandum of decision filed by the court. Judgment must be entered under Rule 58.

3

The underlying criminal case was tried not to the bench, but to a jury, which returned a guilty verdict on July 22, 2019 (ECF No. 93). After Defendant failed to win review by the United States Supreme Court on October 4, 2021 (ECF No. 133), he filed the instant Motion to Vacate on October 4, 2022 (ECF No. 135). He sought an evidentiary hearing which Judge Black denied (Notation Order of 11/18/2022), so no issue of fact has ever been tried in the § 2255 proceedings.

The proceedings on the Motion to Vacate under 28 U.S.C. § 2255 are ancillary to the underlying criminal action; they provide a means to collaterally attack the judgment in a federal criminal prosecution, but not for a trial. Defendant's citation to Black's Law Dictionary is therefore misleadingly shortened. The full definition is "to examine judicially; to examine and resolve (a dispute) by means of a trial." Garner, Black's Law Dictionary 7th at 1520.

Rule 12 of the Rules Governing § 2255 Proceedings provides that the Federal Rules of Civil Procedure or Criminal Procedure may be applied to § 2255 proceedings if not inconsistent with the 2255 Rules, but there is no provision for a trial in § 2255 proceedings. If there had been an evidentiary hearing, the Court is certain the Magistrate Judge would have followed usual practice and filed a Report that made specific findings of fact, but no such proceedings occurred here.

Defendant's Second Objection is OVERRULED.


**Third Objection: Failure to Address the Merits**


Defendant's Third Objection is to what he characterizes as "the Magistrate's complete disregard of the main issue Felix presents, i.e., that the Court's statements in its Decision and Order regarding its Findings of Fact and Conclusion of Law were not accurate statements rooted from

4

record supporting evidence and pertinent law. ECF 149 at pp. 2-5." (Objections, ECF No. 151, PageID 2817).

Rule 59 does not provide for an amendment of a judgment based on a claim that a court's statement of facts from the record is not as accurate or precise as a litigant would wish. Assuming that what Defendant is seeking is a decision on the facts of his claim about difficulties communicating with appellate counsel prior to the filing of the appellate brief, Defendant is not entitled to demand such findings because, ultimately, they are immaterial: whether or not Defendant was able to communicate appropriately with Attorney Schad, the assignments of error that were omitted as a result were clearly not as strong as the assignments Schad pleaded. An attorney does not commit ineffective assistance of appellate counsel by omitting assignments of error the appellant wants if instead he pleads stronger assignments.

Defendant's Third Objection is therefore OVERRULED.

## Conclusion

Defendant's Motion to Amend the Judgment under Fed.R.Civ.P. 59(e) and Fed.R.Civ.P. 52 is DENIED. Because reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

July 11, 2024.

Susan J. Dlott
United States District Judge